UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Michellane Marie Markham

Case No. 15-46235-pjs
Chapter 13 Case
Hon. Phillip J. Shefferly

               Debtor.

_____

## WESTMINISTER HOMEOWNERS ASSOCIATION NO. 2'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Westminister Homeowners Association No. 2 (the "Association"), by its attorneys, Makower Abbate Guerra Wegner Vollmer PLLC, for its Motion for Relief from the Automatic Stay, states as follows:

1. Michellane Marie Markham ("Debtor") is the record owner of a residence commonly known as 16064 Kingsway Drive, Macomb, MI 48044, being Lot 210 of Westminister Subdivision No. 2 (the "Residence").

2. The Association is the association for the community in which the Residence is located. Debtor is required to pay annual fees and assessments to the Association. Pursuant to the Declaration of Covenants, Conditions and Restrictions, the Association has a lien on the Residence to secure payment of the fees and assessments.

3. Debtor filed both a Chapter 13 Petition and a Chapter 13 Plan on or about April 20, 2015. The Association was not named as a Creditor in the Debtor's Chapter 13 Plan. Instead, its Management Company, The Jolicor Group, was included as a Creditor and was receive payments directly due to the Debtor's claim that her account with The Jolicor Group was current.

4. The Association and its Management Company, The Jolicor Group is unable to locate any documentation that it received notice of the pending Chapter 13 Bankruptcy.

5. Despite the Debtor's proposed plan language that her account regarding the Association was current, there was a pre-petition arrearage amount at that time. In fact, the Debtor had not made any payment to the Association since 2013 and still had an outstanding balance at that time.

6. The Debtor's failure to pay her annual assessment levied by the Association against owners of Lots within the Subdivision has continued since she filed her Bankruptcy in 2015. There hasn't been a single payment by the Debtor since January 2013.

7. Upon becoming aware of the pending Bankruptcy through its collection efforts, the Association, through its attorneys, first reached out to Counsel for the Debtor in January 2019. Unfortunately, the Debtor's Counsel did not get any response from their client regarding any possible resolution of this matter.

8. Pursuant to Debtor's Chapter 13 Plan, the approximate market value of the Residence is $243,100.00. The first mortgagee of record, U.S. Bank Trust National Association as Trustee filed its Proof of Claim on or about August 28, 2015 in the amount of $286,254.97. Thus, there doesn't appear to be any equity in the property.

9. As of the date of the filing of this Motion, there exists and arrearage of $3,037.55 due and owing to the Association on the Residence consisting of assessments, late charges and legal fees and costs.

10. Cause exists to grant the Association relief from the automatic stay so that it can proceed with its State law remedies against the Residence and the Debtor because the

Association is not receiving any required assessment payments and the Association is not adequately protected due to the lack of equity in the Residence.

11.     Concurrence was sought for the relief requested herein but was not forthcoming, and hence it is necessary to file this Motion.

WHEREFORE, the Association requests that this Court grant its motion for Relief from the Automatic Stay by entering the Order attached hereto as <u>Exhibit A</u>, and that the Order become effective immediately upon entry by this Court notwithstanding the provisions of FRBP 4001(a)(3).

Respectfully submitted,
MAKOWER ABBATE GUERRA
WEGNER VOLLMER PLLC

/s/ John L. Finkelmann
John L. Finkelmann (P66054)
Attorney for Westminister Homeowners Association No. 2
23201 Jefferson
St. Clair Shores, Michigan 48080
(586) 773-1800

Dated: February 12, 2019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Michellane Marie Markham

                Case No. 15-46235-pjs
                Chapter 13 Case
                Hon. Phillip J. Shefferly

        Debtor.

---

## WESTMINISTER HOMEOWNERS ASSOCIATION NO. 2'S BRIEF IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Westminister Homeowners Association No. 2 (the "Association"), by its attorneys, Makower Abbate Guerra Wegner Vollmer PLLC, submits this Brief in Support of its Motion for Relief from the Automatic Stay.

### SUMMARY OF FACTS

Michellane Marie Markham (the "Debtor") is a record owner of a residence commonly known as 16064 Kingsway Drive, Macomb, MI 48044, being Lot 210 of Westminister Subdivision No. 2 (the "Residence"). The Association is the association for the community in which the Residence is located. Debtor is required to pay annual fees and assessments to the Association.  Pursuant to the Declaration of Covenants, Conditions and Restrictions, the Association has a lien on the Residence to secure payment of the fees and assessments.

Debtor filed a Chapter 13 Petition as well as her Chapter 13 Plan on or about April 20, 2015. The Chapter 13 Plan and the Debtor's Mailing Matrix failed to properly list the Association whom didn't receive notice of the pending Bankruptcy at that time.  Instead, the Association's Management Company, The Jolicor Group was identified as the Creditor in Debtor's Chapter 13 Plan.  The Chapter 13 Plan also stated that this creditor was to be paid directly as her obligation was current.  Despite the Debtor's proposed plan language that her

account regarding the Association was current, there was a pre-petition arrearage amount at that time. In fact, the Debtor had not made any payment to the Association since 2013 and still had an outstanding balance at that time.

The Debtor's failure to pay her annual assessment levied by the Association against owners of Lots within the Subdivision has continued since she filed her Bankruptcy in 2015. There hasn't been a single payment by the Debtor since January 2013. Upon becoming aware of the pending Bankruptcy through its collection efforts, the Association, through its attorneys, first reached out to Counsel for the Debtor in January 2019. Unfortunately, the Debtor's Counsel did not get any response from their client regarding any possible resolution of this matter. Pursuant to Debtor's Chapter 13 Plan, the approximate market value of the Residence is $243,100.00. The first mortgagee of record, U.S. Bank Trust National Association as Trustee filed its Proof of Claim on or about August 28, 2015 in the amount of $286,254.97. Thus, there doesn't appear to be any equity in the property. As of the date of the filing of this Motion, there exists and arrearage of $3,037.55 due and owing to the Association on the Residence consisting of assessments, late charges and legal fees and costs.

## DISCUSSION

11 USC § 362(d)(1) provides that the Court may grant relief from the automatic stay for "cause." Cause exists to grant the Association relief from the automatic stay so that it can proceed with its State law remedies against the Residence and the Debtor because the Association was not properly treated in the proposed Chapter 13 Plan, did not receive adequate notice of the pending Chapter 13 Bankruptcy, has not been receiving direct payments from the Debtor, and is not adequately protected in this Bankruptcy. There does not appear to be any equity in the property based upon the Proof of Claim filed by the first mortgagee of record, and

the Debtor hasn't paid his annual assessments to the Association in a number of years. The delinquency to the Association continues to grow as a result causing a hardship upon it.

Cause exists to grant the Association relief from the automatic stay so that it can proceed with its State law remedies against the Lot because the Association is not receiving any required assessment payments, the Association is not adequately protected and the debt owing to the Association constitutes a lien granted by the Declaration of Covenants, Conditions and Restrictions.

## **CONCLUSION**

For the reasons stated above, the Association respectfully requests this Court to enter the order attached to the Association's Motion as <u>Exhibit A</u> granting it relief from the automatic stay, and that the Order become effective immediately upon entry by this Court notwithstanding the provisions of FRBP 4001(a)(3).

Respectfully submitted,
MAKOWER ABBATE GUERRA
WEGNER VOLLMER PLLC

/s/ John L. Finkelmann
John L. Finkelmann (P66054)
Attorney for Westminister Homeowners Association No. 2
23201 Jefferson
St. Clair Shores, Michigan 48080
(586) 773-1800

Dated: February 12, 2019

<u>**EXHIBIT A**</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Michellane Marie Markham

Case No. 15-46235-pjs
Chapter 13 Case
Hon. Phillip J. Shefferly

Debtor.

_____

<u>**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**</u>

This matter having come before the Court on Westminister Homeowners Association No. 2 's Motion for Relief from Automatic Stay (the "Motion") and the Court being otherwise fully advised in the premises:

IT IS ORDERED, that the automatic stay of section 362(a) of the Bankruptcy Code and any Co-Debtor stay is hereby terminated as to Westminister Homeowners Association No. 2 and Westminister Homeowners Association No. 2 is granted leave to exercise its State law remedies as to the Lot commonly known as 16064 Kingsway Drive, Macomb, MI 48044 and the Debtor Michelleane Markham. This Order is effective immediately upon entry by this Court notwithstanding the provisions of FRBP 4001(a)(3) and shall remain effective should there be any conversion of this Bankruptcy case to another Chapter under Title 11.

_____
BANKRUPTCY COURT JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Michellane Marie Markham

Case No. 15-46235-pjs
Chapter 13 Case
Hon. Phillip J. Shefferly

Debtor.

_____

**NOTICE OF AND OPPORTUNITY TO RESPOND TO
WESTMINISTER HOMEOWNERS ASSOCIATION NO. 2'S MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

Westminister Homeowners Association No. 2 has filed a Motion with the Court for entry of an Order Granting Relief From The Automatic Stay.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your view on the Motion, within 14 days, you or your attorney must:

1.    File with the Court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort Street
Detroit, MI  48226

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

---

[1]  Response or answer must comply with F.R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

John L. Finkelmann
Makower Abbate Guerra Wegner Vollmer PLLC
23201 Jefferson
St. Clair Shores, MI 48080

2.　　If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of date, time and location of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Respectfully submitted,
MAKOWER ABBATE GUERRA
WEGNER VOLLMER PLLC

/s/ John L. Finkelmann
John L. Finkelmann (P66054)
Attorney for Westminister Homeowners Association No. 2
23201 Jefferson
St. Clair Shores, Michigan  48080
(586) 773-1800

Dated: February 12, 2019

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Michellane Marie Markham

Case No. 15-46235-pjs
Chapter 13 Case
Hon. Phillip J. Shefferly

                    Debtor.

_____

## STATEMENT REGARDING OWNERSHIP OF WESTMINISTER HOMEOWNERS ASSOCIATION NO. 2

The following entities directly or indirectly own 10% or more of any class of the corporation equity interest:

Name: _____
Address: _____

Name: _____
Address: _____

(For additional names, attach an addendum to this form)

__X__   There are no entities that directly or indirectly own 10% or more of any class of the corporations equity interest.

The undersigned is the:

__X__   Creditor
_____   Plaintiff
_____   Defendant

Dated: February 12, 2019

/s/John L. Finkelmann_____

Signature of Authorized Individual
For Corporate Party

John L. Finkelmann_____
Print Name

Attorney_____
Title

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Michellane Marie Markham

Case No. 15-46235-pjs
Chapter 13 Case
Hon. Judge Phillip J. Shefferly

Debtor.

---

MORAN LAW
RYAN MORAN                    P70753
Debtor(s) Attorney
25600 Woodward Ave., Suite 201
Royal Oak, MI 48067
248-246-6536
_____/
MAKOWER ABBATE GUERRA WEGNER VOLLMER PLLC
JOHN L. FINKELMANN         P66054
Attorney for Westminister Homeowners Association No. 2
23201 Jefferson
St. Clair Shores, Michigan 48080
(248) 254-7600
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2019, I electronically filed **Westminister Homeowners Association No. 2's Motion for Relief from the Automatic Stay** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Ryan Moran
Attorney for Debtor(s)
ecf@moranlawoffice.com

David W. Ruskin, Trustee
ecf-emails@det13.com

/s/ John L. Finkelmann
John L. Finkelmann (P66054)
Attorney for Westminister Homeowners
Association No. 2
23201 Jefferson
St. Clair Shores, MI 48080
(586) 773-1800

Dated: February 12, 2019